**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2109
_____

JASON L. BROWN,
                                        Appellant

v.

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA; LEGROME D. DAVIS, United States Judge;
PETRESE B. TUCKER, United States Judge;
NITZA I. QUIÑONES ALEJANDRO, United States Judge

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:18-cv-00747)
District Judge:  Honorable Paul S. Diamond

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2018
Before:  KRAUSE, SCIRICA and NYGAARD, Circuit Judges

(Opinion filed: October 26, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jason Brown appeals from the judgment of the United States District Court for the Eastern District of Pennsylvania dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the following reasons, we will affirm the judgment of the District Court.

In February 2018, Brown filed a complaint against the United States District Court for the Eastern District of Pennsylvania and District Judges Legrome D. Davis, Petrese B. Tucker, and Nitza I. Quiñones-Alejandro. The District Court dismissed his complaint without prejudice because Brown failed to provide any factual allegations to support his legal conclusions and permitted him to file an amended complaint. Brown then filed an amended complaint, alleging that Defendants violated various civil and statutory rights and conspired against him by mishandling four of his previous district court cases. The District Court dismissed the amended complaint with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for being frivolous and baseless, and for failing to state a claim. Brown appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Where a complaint has not alleged sufficient facts to state a claim for relief that is "plausible on its face[,]" dismissal is appropriate. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). A complaint is considered frivolous if it lacks an arguable basis in law or fact.

2

See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Deutsch v. United States, 67 F.3d 1080, 1085 (3d Cir. 1995).  A suit may be considered frivolous where defendants are clearly "immune from suit."  Neitzke, 490 U.S. at 327.

The District Court properly dismissed all claims against the United States District Court for the Eastern District of Pennsylvania.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Because sovereign immunity has not been waived, the District Court for the Eastern District of Pennsylvania, as a judicial branch of the federal government, is entitled to sovereign immunity and is immune from suit.  See id.

The District Court also properly dismissed all claims against District Judges Davis, Tucker, and Quiñones-Alejandro.  Brown's claims against these defendants are barred by the doctrine of absolute judicial immunity, as all of the allegations against them pertain only to actions taken in a judicial capacity, while they were presiding over Brown's prior cases.  See Stump v. Sparkman, 435 U.S. 349, 355–56 (1978); see also Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] Brown is correct that had the judges' actions been taken in the complete absence of jurisdiction, they would not be entitled to judicial immunity.  See Gallas v. Supreme Court of Pa., 211 F.3d 760, 768–69 (3d Cir. 2000) (citing Mireles v. Waco, 502 U.S. 9, 12 (1991)).  However, to the extent that Brown alleged that District Judges Davis, Tucker, and Quiñones-Alejandro lacked jurisdiction because of errors in the appointment process, the District Court correctly determined that this allegation was frivolous.

3